# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FILIP LAMBERT, JIGNESH PATEL and REILLY CHASE, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>BAKER TILLY HONG KONG LIMITED, ANDREW DAVID ROSS, and HELENA LAIHA KWOK,<br><br>    Defendants. | Case No. CV 14-09959-CBM(MANx)<br><br>~~PROPOSED~~ **ORDER PRELIMINARILY APPROVING SETTLEMENT OF CLASS ACTION [81]**<br><br><br>CRTRM:   2<br>JUDGE:   Hon. Consuelo B. Marshall |

1  WHEREAS, the parties to this Litigation – including (i) Lead Plaintiff Filip Lambert, on behalf of himself and each of the Class Members (as defined in ¶ 1.4 of the Stipulation and Settlement), by and through Lead Counsel (as defined in ¶ 1.11 of the Stipulation and Settlement); (ii) defendants Baker Tilly Hong Kong Limited ("BTHK"), and Andrew David Ross ("Ross") (collectively referred to as "Settling Defendants"), have entered into a settlement of the claims asserted in the Litigation;

WHEREAS, that settlement was entered into through a Stipulation and Agreement of Settlement, dated as of October 5, 2016 (the "Stipulation and Settlement"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Second Amended Complaint filed in the Litigation on the merits and with prejudice; and

WHEREAS, this Court having read and considered the Stipulation and Settlement, the proposed Notice, the proposed Summary Notice, the proposed Proof of Claim and Release, and the proposed Final Judgment, and finding that substantial and sufficient grounds exist for entering this Order:

NOW, THEREFORE, IT IS HEREBY ORDERED, this 6th day of December, 2016, that:

1.  All capitalized terms used herein shall have the same meaning as in the Stipulation and Settlement.

2.  Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Litigation is hereby preliminarily certified as a class action on behalf of all Persons who purchased or otherwise acquired common stock of China North East Petroleum Holdings Limited ("CNEP") between September 3, 2010, and March 14, 2012, inclusive; provided that excluded from the Class are (a) Persons who submit valid and timely requests for exclusion from the Class; and (b) Settling Defendants, members of the immediate family of any such Settling Defendant, any person, firm, trust, corporation, officer,

director, or other individual or entity in which any Settling Defendant has or had a controlling interest during the Class Period, the officers and directors of any Settling Defendant during the Class Period, and legal representatives, agents, executors, heirs, successors, or assigns of any such excluded Person.  The Settling Defendants or any entity in which any of the Settling Defendants has or had a controlling interest (for purposes of this paragraph, together a "Defendant-Controlled Entity") are excluded from the Class only to the extent that such Defendant-Controlled Entity itself purchased a proprietary (*i.e.*, for its own account) interest in CNEP. To the extent that a Defendant-Controlled Entity purchased any common stock of CNEP in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Class, neither such Defendant-Controlled Entity nor the third-party client, account, fund, trust, or employee benefit plan shall be excluded from the Class with respect to such purchase.

3. This Court finds, preliminarily and for purposes of Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the number of Class Members is so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class they seek to represent; (d) the Lead Plaintiff will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of Settlement only, Lead Plaintiff is certified as the class representative on behalf of the Class and the Lead Counsel previously

selected by Lead Plaintiff and appointed by the Court is hereby appointed as Lead Counsel for the Class.

5. A hearing (the "Final Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before this Court on April 4, 2017 at 10:00 a.m. for the following purposes:

    (a) to finally determine whether the Litigation satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

    (b) to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by this Court;

    (c) to determine whether the Final Judgment as provided under the Stipulation and Settlement should be entered, dismissing the claims in the Complaint as to Settling Defendants, on the merits and with prejudice, and to determine whether the release by the Class of the Released Parties, as set forth in the Stipulation and Settlement, should be ordered;

    (d) to determine whether the proposed Plan of Distribution for the proceeds of the Settlement is fair and reasonable and should be approved by this Court;

    (e) to consider the application of Lead Counsel for an award of attorneys' fees and expenses and potentially for awards to Lead Plaintiffs; and

    (f) to rule upon such other matters as the Court may deem appropriate.

6. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Final Judgment approving the Stipulation and Settlement and dismissing the claims in the Second Amended Complaint as to the Settling Defendants, on the merits and with prejudice, regardless of whether it has

approved the Plan of Distribution or awarded attorneys' fees and expenses or awards to Lead Counsel and Lead Plaintiffs.

7. The Court approves the form, substance and requirements of: (a) the postcard notice, (b) the Summary Notice, (c) the Notice and (d) the Proof of Claim and Release, which are attached hereto as Exhibits A-1, A-2, A-3 and A-4, respectively.

8. Lead Counsel has the authority to enter into the Stipulation and Settlement on behalf of the Class and is authorized to act on behalf of the members of the Class with respect to all acts or consents required by or that may be given pursuant to the Settlement of Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

9. The Escrow Agent is authorized to disburse up to $100,000 from the Settlement Fund prior to the Effective Date to pay the costs and expenses reasonably and actually incurred in connection with providing notice to the Class, locating Class Members, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs. Any costs or expenses expended for notice or claims administration in excess of the amount set forth in this paragraph shall be paid from the Settlement Fund, subject to approval of the Court.

10. The Claims Administrator shall use all commercially reasonable efforts to identify and notify members of the Settlement Class.

11. Within fourteen (14) days of receipt of a copy of this Order, the identified holders of common stock in CNEP, and in turn any and all securities firms or clearinghouses holding transfer, ownership interest, or similar records for CNEP, are hereby ordered to provide, in a usable electronic format, the last known names and addresses of all Persons who purchased or otherwise acquired common stock of CNEP during the Class Period, to the Claims Administrator. The Claims

1 Administrator is authorized to pay all reasonable and necessary costs of obtaining
2 such information.

3     12. Within thirty (30) days of entry of this Order, the Claims Administrator
4 shall:

5     (a) cause to be mailed, to all Persons who purchased or otherwise acquired common stock of CNEP during the Class Period, the postcard notice advising Class Members of the availability of the Notice and a Proof of Claim and Release. The Claims Administrator shall also make reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased common stock of CNEP during the Class Period. Such nominee purchasers are hereby directed to forward copies of the Notice and Proof of Claim and Release to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners. Promptly upon receipt of any such information from nominee purchasers, the Claims Administrator shall cause the postcard notice to be mailed to such beneficial owners. Additional copies of the Notice and Proof of Claim and Release shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners.

20     (b) cause the Notice and Proof of Claim and Release to be posted on the Claims Administrator's website.

22     -and-

23     (c) cause the Summary Notice to be published via the internet newswire publication GlobeNewswire.

25     13. The Claims Administrator is authorized to pay all reasonable and
26 necessary costs of providing notice as set forth in ¶ 12 hereof. Further, the Claims
27 Administrator is authorized to reimburse record holders for all reasonable expenses
28 incurred in distributing copies of the Notice and Proof of Claim and Release to

1  beneficial owners, upon receipt by the Claims Administrator of proper
2  documentation.

3     14.    Seven (7) Days before the Final Settlement Hearing, Lead Counsel shall
4  file with this Court, and serve upon counsel for the Settling Defendants, an
5  affidavit(s) describing the Claims Administrator's efforts to provide notice to Class
6  Members and compliance with the specific requirements set forth above. Further,
7  Lead Counsel shall file with this Court, and serve upon counsel for the Settling
8  Defendants, proof of publication of the Summary Notice.

9     15.    The form and method set forth herein of notifying the Class of the
10  Settlement and its terms and conditions meet the requirements of due process and
11  Rule 23 of the Federal Rules of Civil Procedure and Section 21D(a)(7) of the
12  Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities
13  Litigation Reform Act of 1995; constitutes the best notice practicable under the
14  circumstances; and shall constitute due and sufficient notice to all persons and
15  entities entitled thereto. Under no circumstances shall any Class Member be relieved
16  from the terms of the Settlement, including the releases provided for therein, based
17  upon the contention or proof that such Class Member failed to receive actual or
18  adequate notice.

19     16.    In order to be entitled to participate in the Net Settlement Fund, as
20  defined in the Stipulation and Settlement, in the event the Settlement is effected in
21  accordance with all of the terms and conditions thereof, each Class Member shall
22  take the following action and be subject to the following conditions:

23     (a)    A properly executed Proof of Claim and Release, substantially in the
24      form attached hereto as Exhibit A-4, shall be submitted, by first class
25      mail, postage prepaid, postmarked no later than ninety (90) calendar
26      days after entry of the Preliminary Approval Order by the Court to the
27      Post Office Box address listed in the Notice. Such deadline may be
28      further extended by Order of this Court. Each Proof of Claim and

1
2
3
4
5
6
7

Release shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class mail) provided it is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim and Release submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

8  (b)  The Proof of Claim and Release submitted by the Class Member must: (i) be fully and properly completed, without any material deletions or modifications of any of the forms as provided to the Class Member; (ii) state, for the Class Member, all purchases of common stock of CNEP during the Class Period, including the number and price of the common stock purchased and the date of each purchase, the number and price of shares of common stock of CNEP sold during the Class Period and the date of each sale; (iii) be accompanied by adequate documentation to demonstrate the transaction(s) reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iv) be executed under penalty of perjury; and (v) be accompanied, if the person executing the Proof of Claim and Release is acting in a representative capacity, by a certification of the executor's current authority to act on behalf of the Class Member.

25  (c)  Once the Claims Administrator has considered a timely submitted Proof of Claim, Lead Counsel, through the Claims Administrator, shall determine, based upon the Plan of Distribution, whether such claim is valid, deficient, or rejected.  For each claim determined to be either

deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined.

-and-

(d) As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the District Court with respect to the claim submitted.

17. Class Members shall be bound by all determinations and judgments in the Litigation, whether or not they submit a valid and timely Proof of Claim and Release and are thereby entitled to share in the proceeds of the Net Settlement Fund, unless such Person(s) request exclusion from the Class in a timely and proper manner, as hereinafter provided:

(a) A person eligible to be a Class Member, but who wishes to be excluded from the Class, may request exclusion by mailing the request in written form, by first class mail, postage prepaid, postmarked no later than twenty-one (21) calendar days prior to the Final Settlement Hearing to the Post Office Box address listed in the Notice;

(b) The request for exclusion shall clearly indicate the name and address of the person seeking exclusion and that the sender specifically requests to be excluded from the Class;

(c) The request for exclusion shall be executed, under penalty of perjury, by the person requesting exclusion from the Class, and accompanied, if the executor is acting in a representative capacity, by a certification of the executor's current authority to act on behalf of the person requesting exclusion from the Class;

(d) The request for exclusion shall state, for the Class Member, all purchases of common stock of CNEP during the Class Period, including the number and price of the shares purchased and the date of each

    purchase, the number and price of shares sold during the Class Period and the date of each sale; and

 (e) It is also requested that such persons provide their telephone number or other contact information.

The request for exclusion shall not be effective unless the potential Class Member provides the required information set forth in this ¶ 17, and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

 18. Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Settlement and Notice.

 19. The Court will consider objections by a Class Member to the Settlement, the Plan of Distribution, the potential request by Lead Counsel for an award of attorneys' fees and expenses, and the potential request by Lead Plaintiff for an award of fees, *only* if the Class Member has timely submitted a complete, executed Proof of Claim and Release, including all documentation required by ¶ 12(b) of this Order. Objections, by Class Members or any other authorized person or governmental entities, shall be submitted in accordance with the following procedures:

 (a) Objections must be stated in writing, in a clear, concise, and legible manner;

 (b) Objections must be filed, along with any exhibits or briefs, with the Clerk of the Court, U.S. District Court, Central District of California, 350 West 1st Street Los Angeles, CA 90012, no later than twenty-one (21) calendar days prior to the Final Settlement Hearing;

 (c) Objections must include a statement by the objector that he, she, or it intends to appear at the Final Settlement Hearing;

(d) Objections must identify any witnesses the objector intends to call to testify at the Final Settlement Hearing, and any exhibits the objector intends to introduce into evidence at the Final Settlement Hearing; and

(e) Objections must include a signed statement that the documents filed with the Clerk of Court were served, on or before the date of filing, by first class mail, postage prepaid, on each of the following:

> WOLF HALDENSTEIN ADLER FREEMAN
> AND HERZ LLP
> Matthew M. Guiney
> 270 Madison Ave.
> New York, NY 10016
> *Lead Counsel*
>
> -and-
>
> CROWE & DUNLEVY, P.C.
> Harry A. Woods, Jr.
> 20 North Broadway Avenue, Suite 1800
> Oklahoma City, OK 73102-8273
> *Attorneys for BTHK and Andrew Ross*

Class Members who do not object to the Settlement, the Plan of Distribution, the potential request by Lead Counsel for an award of attorneys' fees and expenses, or the potential request by Lead Plaintiff for an award of fees, or who merely wish to submit comments as opposed to objections to the same, do not need to appear at the Final Settlement Hearing.

20. Any objector, whether a Class Member or any other authorized person or governmental entity, who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from

1  making any objection to the fairness, adequacy, or reasonableness of the Settlement,
2  the Plan of Distribution, the potential request by Lead Counsel for an award of
3  attorneys' fees and expenses, or the potential request by Lead Plaintiff for an award
4  of fees.

5      21.    The Court reserves the right to continue or adjourn the Final Settlement
6  Hearing without any further notice other than an announcement prior to or at the
7  Final Settlement Hearing, and to approve the Settlement without further notice to the
8  Class.

9      22.    All papers in support of the Settlement, the Plan of Distribution, the
10 potential request by Lead Counsel for an award of attorneys' fees and expenses, or
11 the potential request by Lead Plaintiff for an award of fees shall be filed and served
12 45 calendar days before the Final Settlement Hearing.  Any reply papers in further
13 support of the Settlement shall be filed and served 7 calendar days before the Final
14 Settlement Hearing.

15     23.    Pending final determination of whether the Settlement should be
16 approved, all Class Members, and each of them, and anyone who acts or purports to
17 act on their behalf shall not institute, commence, or prosecute any action which
18 asserts Released Claims against any of the Released Parties.

19     24.    In the event that the Settlement shall not be consummated pursuant to its
20 terms, the Stipulation and Settlement, except as otherwise provided therein, including
21 any amendment(s) thereto, and this Order, shall be null and void, of no further force
22 or effect, and without prejudice to any party, and may not be introduced as evidence
23 or referred to in any action or proceedings by any person or entity, and each party
24 shall be restored to his, her, or its respective position as it existed before the
25 execution of the Stipulation and Settlement.
26 ///
27 ///
28 ///

1  25. The District Court retains exclusive jurisdiction over the action to
2  consider all further matters arising out of, or connected with, the Settlement.
3
4  Dated:      December 6, 2016



_____
Hon. Consuelo B. Marshall
UNITED STATES DISTRICT JUDGE

CHINANEPETROLEUM: 23385