

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FILIP LAMBERT, JIGNESH PATEL and REILLY CHASE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BAKER TILLY HONG KONG LIMITED, ANDREW DAVID ROSS, and HELENA LAIHA KWOK,<br><br>Defendants. | Case No. CV 14-09959-CBM(MANx)<br><br>**SECOND AMENDED [PROPOSED] ORDER AND FINAL JUDGMENT**<br><br><br>DATE: April 4, 2017<br>TIME: 10:00 a.m.<br>JUDGE: Hon. Consuelo B. Marshall<br>CTRM: 8B, First Street Courthouse |

| | |
|---|---|
| 1 | On the 4th day of April, 2017, a hearing having been held before this Court to |
| 2 | determine: (1) whether the terms and conditions of the Stipulation and Agreement |
| 3 | of Settlement dated October 5, 2016 (the "Stipulation and Settlement"), are fair, |
| 4 | reasonable, and adequate for the settlement of all claims asserted by the Class against |
| 5 | defendants Baker Tilly Hong Kong Limited ("BTHK"), and Andrew David Ross |
| 6 | (collectively, the "Settling Defendants"), and Helena Laiha Kwok (together with the |
| 7 | Settling Defendants, the "Defendants"); (2) whether judgment should be entered |
| 8 | dismissing the claims in the Second Amended Complaint against the Defendants, |
| 9 | on the merits and with prejudice, in favor of the Defendants and as against all persons |
| 10 | or entities who are members of the Class who have not requested exclusion |
| 11 | therefrom; (3) whether to approve the proposed Plan of Distribution (described in |
| 12 | the Notice) as a fair and reasonable method to allocate the settlement proceeds |
| 13 | among members of the Class; and (4) whether and in what amount to award fees and |
| 14 | reimbursement of expenses to Lead Counsel, and fees to Lead Plaintiff; |
| 15 | The Court having considered all matters submitted to it at the hearing and |
| 16 | otherwise; and |
| 17 | It appearing that notice of the Settlement Hearing, and the issues to be |
| 18 | considered therein, was provided to potential Class Members in the forms approved |
| 19 | in the Preliminary Order, including by mail to all reasonably identifiable potential |
| 20 | Class Members and otherwise by publication; |
| 21 | NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND |
| 22 | DECREED THAT: |
| 23 | 1.    This Court has jurisdiction over the subject matter of the Litigation, |
| 24 | Lead Plaintiffs, all Class Members, and the Settling Defendants. |
| 25 | 2.    All capitalized terms used herein shall have the same meaning as in the |
| 26 | Stipulation and Settlement. |
| 27 | 3.    The Court finds that the prerequisites for a class action under Rule 23 |
| 28 | |

(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied, for settlement purposes only, in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class he seeks to represent; (d) Lead Plaintiff fairly and adequately represents the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby certifies the following action as a class action on behalf of all Persons who purchased or otherwise acquired common stock of China North East Petroleum Holdings Limited ("CNEP") between September 3, 2010, and March 14, 2012, inclusive; provided that excluded from the Class are: (a) Persons who submitted valid and timely requests for exclusion from the Class; and (b) Settling Defendants, members of the immediate family of any such Settling Defendant, any person, firm, trust, corporation, officer, director, or other individual or entity in which any Settling Defendant has or had a controlling interest during the Class Period, the officers and directors of any Settling Defendant during the Class Period, and legal representatives, agents, executors, heirs, successors, or assigns of any such excluded Person. The Settling Defendants or any entity in which any of the Settling Defendants has or had a controlling interest (for purposes of this paragraph, together a "Defendant-Controlled Entity") are excluded from the Class only to the extent that such Defendant-Controlled Entity itself purchased a proprietary (*i.e.*, for its own account) interest in CNEP. To the extent that a Defendant-Controlled Entity purchased any common stock of CNEP in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Class, neither such

Defendant-Controlled Entity nor the third-party client, account, fund, trust, or employee benefit plan shall be excluded from the Class with respect to such purchase.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lead Plaintiff is certified as class representative and the Lead Counsel previously selected by Lead Plaintiff and appointed by the Court is hereby appointed as Lead Counsel for the Class.

6. The Stipulation and Settlement, which is incorporated and made a part of this Order and Final Judgment, is approved as fair, reasonable, and adequate, and in the best interests of the Class. Lead Plaintiffs and the Settling Defendants are directed to consummate the Settlement in accordance with the terms and provisions set forth in the Stipulation and Settlement.

7. The claims made in the Litigation as to all Defendants – including Defendant Kwok – are hereby dismissed with prejudice and without costs.

8. Lead Plaintiff and each of the Class Members (including but not limited to any Class Member who is a party to any other action, arbitration, or other proceeding who is asserting claims related to the Released Claims against any of the Settling Defendants or any of the Released Persons that are pending on the day this Order and Judgment becomes Final) on behalf of themselves, their heirs, joint tenants, tenants in common, beneficiaries, executors and administrators, successors, attorneys, insurers and assigns, and any person they represent, hereby release and forever discharge, and shall be deemed to have released, dismissed and forever discharged, the Released Claims against each and all of the Released Persons, with prejudice and on the merits, without costs to any party. Further, Lead Plaintiff and all Class Members, on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, insurers and assigns, expressly covenant not to assert any claim or action against any of the Settling Defendants, or any of their agents, insurers, or their re-insurers, derivatively on behalf of CNEP

that: (a) arises out of or relates to any of the allegations, transactions, facts, matters, events, acts, representations or omissions asserted, set forth, or referred to in the Second Amended Complaint or otherwise alleged, asserted, or contended in the Litigation; or (b) could have been alleged, asserted or contended in any forum by the Class or any of the Class Members against any of the Released Persons which arises out of, relates to, or is based upon the allegations, transactions, facts, matters, events, acts, representations, or omissions asserted, set forth, or referred to in the Complaint, and shall forever be enjoined from commencing, instituting, or prosecuting any such claim. Lead Plaintiff and all Class Members, whether or not any such person submits a Proof of Claim and Release, or otherwise shares in the Settlement Fund, on behalf of themselves and each of their predecessors, successors, assigns, personal representatives, heirs, and any other person who purports to claim through them, are hereby deemed by this Settlement to have released and forever discharged the Released Persons from any and all of the Released Claims.

9. Lead Plaintiff and all Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Persons, and each of them, any of the Released Claims.

10. In accordance with Section 21D-4(f)(7)(A) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. see 78U-4(f)(7)(A), the Settling Defendants are discharged and/or released from all claims for contribution that have been or may be brought by or on behalf of any Persons relating to the Settlement of the Released Claims. As of the Effective Date, any and all Persons are forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or proceeding asserting any such claim for contribution.

11. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12. Neither this Final Judgment, nor the Stipulation and Settlement, nor any of the negotiations, documents, or proceedings connected with them shall be:

(a) referred or used against the Released Persons or against the Class as evidence of wrongdoing by anyone;

(b) construed against the Released Persons or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(c) construed as, or received in evidence as, an admission, concession or presumption against the Class or any of them, that any of their claims are without merit, or that damages recoverable under the Corrected Amended Complaint would not have exceeded the Settlement Fund.

13. Exclusive jurisdiction is hereby retained over the Settling Parties, the Released Persons, and the Class Members for all matters relating to the Litigation, including the administration, interpretation, effectuation, and/or enforcement of the Stipulation and Settlement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Class Members.

14. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation and Settlement.

15. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

16. The finality of this Final Judgment shall not be affected, in any manner, by rulings that the Court may make on the Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses and/or for awards to Lead Plaintiff.

17. The Court hereby finds that the proposed Plan of Distribution is a fair and reasonable method to allocate the settlement proceeds among members of the Class.

18. The Court hereby finds that the notice provided to the Class provided the best notice practicable under the circumstances. Said notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Distribution, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all members of the Class are bound by this Final Judgment except those persons set forth on Exhibit A.

19. **Fee and Expense Award** – Lead Counsel are hereby awarded the sum of $259,000 [28% of the Settlement Fund] in attorneys' fees and $13,988.90 in reimbursement of costs and other expenses, together with a proportionate share of any interest earned on the Settlement Fund, which amounts the Court finds fair and reasonable. The Fee and Expense Award shall be paid to Lead Counsel pursuant to the terms of the Stipulation.

20. **Reasonableness of Fees** – Courts may consider several factors in assessing a request for attorneys' fees that was calculated using the percentage-of-recovery method, including: "the extent to which class counsel 'achieved

exceptional results for the class,' whether the case was risky for class counsel . . . the market rate for the particular field of law (in some circumstances), the burdens class counsel experienced while litigating the case (*e.g.*, cost, duration, foregoing other work), and whether the case was handled on a contingency basis." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir. 2015) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047–50 (9th Cir. 2002)). The Court finds that 28% of the common fund is a reasonable fee given the results achieved, the risks inherent in auditor liability cases, the market rate for securities cases, and the contingent nature of the fee. Lead Plaintiff filed a 32-page First Amended Complaint and a 36-page Second Amended Complaint, and the Settling Parties have twice briefed a motion to dismiss involving complex issues of loss causation, scienter, and damages. Furthermore, the Court used an informal lodestar cross-check to confirm that the percentage figure was reasonable. *Vizcaino*, 290 F.3d at 1050, n.5. Counsel declares that it spent over 844 hours in the prosecution of this action through January 2017, which multiplied by the current market hourly rate for each attorney and support staff, equals $458,394.00, significantly more than the requested amount.

21. **Incentive Award** - Lead Plaintiff and additional named plaintiffs are awarded the following sums for their involvement and oversight of the Action on behalf of the Class as follows: Lead Plaintiff Filip Lambert is awarded the sum of $3500, named plaintiff Reilly Chase is awarded the sum of $500. The Incentive Awards shall be paid to Plaintiffs from the Settlement Fund pursuant to the terms of the Stipulation.

22. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation and Settlement, then this Final Judgment shall be rendered null and void and be vacated, and the Settlement and all orders entered in connection therewith shall be rendered null and void (except as provided in ¶¶ 1.1-1.24, 3.6-3.8, the last sentence of 7.2, 8.4, 8.5, 9.3

and 9.4 in the Stipulation and Settlement), and the parties shall be returned to their respective positions as of July 1, 2016.

DATED: August 7, 2017

                                               *[signature]*
                                               Hon. Consuelo B. Marshall
                                               UNITED STATES DISTRICT JUDGE